IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 14-cv-02955-JLK

DONALD E. FYMBO, d/b/a Fymbo & Associates,
 *individually and as the assignee of the claims of Dr. Mary Harrow*

    Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.

## ORDER

Kane, J.

This matter is currently before me on Plaintiff's Motion to Remand to the State Courts for Lack of Jurisdiction (Doc. 16). For the reasons stated below, Plaintiff's motion is GRANTED.

## BACKGROUND

In late June and early July of 2012, a catastrophic wildfire destroyed portions of the Waldo Canyon area of Colorado Springs, Colorado. Dubbed the "Waldo Canyon Fire," the blaze destroyed 346 structures and claimed two lives. One of the houses destroyed belonged to Dr. Mary Harrow. Dr. Harrow maintained a homeowner's insurance policy with Defendant, USAA Casualty Insurance Company.[1]

---

[1] In his initial complaint, Plaintiff named USAA Property and Casualty Insurance Company as the Defendant. Complaint (Doc. 6) at ¶ 1. After USAA General Indemnity Company filed a Motion to Dismiss Plaintiff's complaint based on Plaintiff's failure to properly identify the party responsible for Dr. Harrow's insurance policy, Defendant's Motion to Dismiss (Doc. 15), Plaintiff sought, and I granted, permission to file an amended complaint naming USAA Casualty Insurance Company, the writer of Dr. Harrow's homeowner's policy, as the Defendant in this matter. First

1

In the process of filing and settling her claim for damages under her homeowner's policy, Dr. Harrow became disaffected with Defendant's handling of her claim, and she retained the services of Fymbo and Associates Public Adjusters, a company solely owned by Donald E. Fymbo.  She agreed to a contingency fee contract, whereby in exchange for Plaintiff's services, she assigned a portion of the recovery from any legal claims she might have against Defendant.

On June 24, 2014, Plaintiff, as assignee of Dr. Harrow, filed a complaint against Defendant in the District Court for the County of El Paso, alleging a number of state law claims relating to Defendant's alleged mishandling of Dr. Harrow's insurance claim.  On October 30, 2014, Defendant filed its Notice of Removal (Doc. 1), which removed Plaintiff's case from the District Court for the County of El Paso to the United States District Court for the District of Colorado.  Defendant premised its removal of this action upon 28 U.S.C. §§ 1332, 1441, and 1446.  Objecting to Defendant's removal of this action from state court, on December 19, 2014, Plaintiff filed the instant Motion to Remand to State Courts for Lack of Jurisdiction (Doc. 16).

## DISCUSSION

A civil action filed in the Colorado state courts may be removed to this court when this court has original jurisdiction over the underlying civil action.  28 U.S.C. § 1441(a).  Defendant, as the party invoking federal jurisdiction, bears the burden of proving that such jurisdiction exists. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, ___ U.S. ___, 135 S. Ct. 547 (2014). Removal statutes are strictly construed and doubts regarding the propriety of removal are resolved

---

Amended Complaint and Jury Demand (Doc. 20) at ¶ 1.  For purposes of Plaintiff's Motion to Remand, the precise identity of the Defendant is immaterial, because the operative facts concerning USAA General Indemnity Company and USAA Casualty Insurance Company are the same.  Defendant's Response to Plaintiff's Motion to Remand (Doc. 23) at 3.

against such action. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95, 1097 (10th Cir. 2005).

In its Notice of Removal (Doc. 1), Defendant asserts that this court has jurisdiction over Plaintiff's challenge pursuant to 28 U.S.C. § 1332. Accordingly, Defendant bears the burden of establishing: (1) complete diversity exists between the parties; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. In his Motion to Remand, Plaintiff argues that Defendant cannot establish either of these elements. Because I conclude that Defendant has failed to establish that complete diversity exists between the parties, I do not reach Plaintiff's contentions regarding the amount in controversy.

Neither party contests that Plaintiff is a resident and citizen of the state of Colorado. Complaint (Doc. 1-6) at ¶¶ 3-4; Motion to Remand (Doc. 16) at 2. The parties do, however, dispute the citizenship of Defendant. Plaintiff urges that Defendant "has domiciled itself in and is considered a citizen of the State of Colorado." Motion to Remand (Doc. 16) at 1. In support of this allegation, Plaintiff cites Defendant's contacts with the state of Colorado, including its agreement to comply with the state's regulation of insurers.

The diversity statute clearly defines the citizenship of corporations for purposes of diversity jurisdiction and removal: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[2] 28 U.S.C. § 1332(c)(1). In determining Defendant's citizenship

---

[2] The statute contains an exception for insurers that are the subject of a direct action, but this exception applies only when a suit is premised on the primary liability covered by an insurance policy. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988) (quoting *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985)). In other words, it only applies when a party seeks to recover damages from an insurer resulting from the liability of the insured. It does not apply where a suit is based "on the insurer's failure to settle within policy

for purposes of evaluating the existence of diversity jurisdiction, I consider the state of facts that existed at the time Defendant filed its Notice of Removal. *See Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 570 (2004).

Defendant is a corporation duly organized under the laws of the state of Texas, *see* Colorado Secretary of State – Summary (Doc. 1-5), but the precise location of Defendant's principal place of business is less clear. Defendant argues its principal place of business is also the state of Texas. Response to Motion to Remand (Doc. 23) at 3, 7. In support of that argument, Defendant cites records indicating Defendant's "principal office street address" as a location in San Antonio, Texas. *Id*. at 3 n.2 (citing records attached as Exhibit A (Doc. 23-1)). Defendant does not, however, offer any evidence as to the nature of its operations at its Texas office. Is that office "simply an office where [Defendant] holds its board meetings" or is it "the place where [Defendant's] officers direct, control, and coordinate [Defendant's] activities?" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93.

Defendant's failure to offer any evidence relating to the nature of its operations in its Texas office makes it impossible to determine whether that office is actually its "principal place of business." Because I am unable to determine the location of Defendant's "principal place of business," and because Defendant bears the burden of proving that jurisdiction in this court is proper, I find that Defendant has failed to establish the complete diversity of the parties to this action.

---

limits or in good faith." *Id*. Because Plaintiff does not seek to impose liability on Defendant for the negligence of any party insured by Defendant, the "direct action" exception does not apply in this case.

## CONCLUSION

Defendant has failed to meet its burden of establishing the existence of complete diversity between the parties to this cause of action.  Because Defendant bears the burden of establishing this court's exercise of jurisdiction, and because removal statutes are strictly construed and doubts regarding the propriety of removal are resolved against such action, Plaintiff's Motion to Remand to the State Courts for Lack of Jurisdiction (Doc. 16) is GRANTED.

Dated:  February 6, 2015               BY THE COURT:

                                       s/ John L. Kane
                                       Senior U.S. District Court Judge